**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

ICG Beckley, LLC,
Employer Below, Petitioner

**v.)     No. 25-113** (JCN: 2022002109)
                    (ICA No. 24-ICA-300)

Arthur Davis,
Claimant Below, Respondent

**MEMORANDUM DECISION**

Petitioner ICG Beckley, LLC appeals the December 23, 2024, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See ICG Beckley, LLC v. Davis* (*ICG Beckley II)*, No. 24-ICA-300, 2024 WL 5201443 (W. Va. Ct. App. Dec. 23, 2024) (memorandum decision). Respondent Arthur Davis filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the June 25, 2024, decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"), which reversed the claim administrator's June 2023 orders, denying authorization for transforaminal epidural injections at L5-S1, and the claim administrator's July 2023 order denying authorization for lumbar spinal fusion surgery.[2]

The employer asserts that, in *ICG Beckley, LLC v. Davis* (*ICG Beckley I)*, No. 22-ICA-326, 2023 WL 3172059 (W. Va. Ct. App. May 1, 2023) (memorandum decision), the ICA affirmed the Board of Review's decision that a disc protrusion at L5-S1 was not a part of the workers' compensation claim. *Id.* at *3. Therefore, the employer argues that the ICA erred in the instant case by affirming the Board's authorization of epidural injections and surgery, contending that those procedures were meant to treat the L5-S1 disc protrusion and the claimant's preexisting back condition rather than the compensable injury. *See ICG Beckley, LLC v. Davis* (*ICG Beckley II)*, No. 24-ICA-300, 2024 WL 5201443, at *4-5 (W. Va. Ct. App. Dec. 23, 2024) (memorandum decision). The employer asks this Court to reverse the decisions of the ICA and the Board of Review and reinstate the claim administrator's orders denying authorization for transforaminal epidural injections at L5-S1 and lumbar spinal fusion surgery. The claimant counters by arguing

---

[1] The employer appears by counsel Jeffrey B. Brannon, and the claimant appears by counsel Reginald D. Henry and Lori J. Withrow.

[2] The complete description of the requested surgery is as follows: anterior lumbar spinal fusion at L5-S1, anterior instrumentation at L5-S1, application of prosthetic device at L5-S1, allograft, posterior lumbar spinal fusion at L5-S1, laminotomy/laminectomy at L5-S1, and posterior instrumentation at L5-S 1.

1

that, while the compensability of the L5-S1 disc protrusion was denied in *ICG Beckley I*, the Board of Review added radiculopathy of the lumbosacral region to the claim as a compensable condition. *See* 2023 WL 3172059, at *3. Therefore, the claimant argues that the Board of Review's decision in this case, to authorize transforaminal epidural injections at L5-S1 and lumbar spinal fusion surgery, was supported by the evidence and was properly left undisturbed by the ICA.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: September 10, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison

2